UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MIAWHWA KUO,

Plaintiff,

v.

CELEBRITY CRUISES INC.,

Defendant.
_______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendants and alleges:

**PRELIMINARY ALLEGATIONS**

1. At all times material, Plaintiff MIAWHWA KUO is a citizen of the state of New York and Defendant CELEBRITY CRUISES INC. ("Celebrity") is a corporation incorporated in Florida and having its principal place of business in Florida.

2. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the event diversity jurisdiction does not apply, then this matter is being brought under the admiralty and maritime jurisdiction of the court.

3. Defendant Celebrity, at all times material hereto, personally or through an agent;

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes, §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, Summit.

4. At all times material hereto, Defendants are subject to the jurisdiction of the Courts of this state.

5. At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

6. At all times material hereto, Defendant Celebrity owned, operated, managed, maintained and/or controlled the vessel Celebrity Equinox (hereinafter "vessel").

7. On or about June 6, 2016, Plaintiff MIAWHWA KUO was a paying passenger on the vessel Celebrity Equinox, which was in navigable waters.

8. On or about June 6, 2016, Defendant Celebrity held a dance competition onboard the vessel. The dance competition can be described as a cruise officer-passenger ballroom dancing competition, where Defendant Celebrity ship officers select passengers in the audience to come on stage and dance with them.

9. On or about June 6, 2016, Plaintiff MIAWHWA KUO attended the dancing competition aboard the vessel. While in the lounge, one of the crewmembers participating in the competition asked her to dance with him; and Plaintiff accepted.

10. While dancing with the Plaintiff, the crewmember intentionally, purposefully, and/or recklessly spun Plaintiff at a high rate of speed, causing her to fall. The crewmember continued

to hold Plaintiff's hand while spinning her and while she fell, causing her to sustain severe injuries to her arm.

**NEGLIGENCE AGAINST DEFENDANT CELEBRITY CRUISES INC.**

Plaintiff re-alleges, adopts and incorporates by reference paragraphs one (1) through ten (10) as though originally alleged herein.

11. It was the duty of Defendant Celebrity to provide Plaintiff MIAWHWA KUO with reasonable care under the circumstances.

12. On or about June 6, 2016, Celebrity and/or its agents, servants, and/or employees breached its duty to provide Plaintiff MIAWHWA KUO with reasonable care under the circumstances resulting in the Plaintiff MIAWHWA KUO being injured.

13. Plaintiff's injury is due to the fault and/or negligence of Defendant, and/or its agents, servants and/or employees as follows:

a. Defendant failed to provide a reasonable safe dance competition; and/or
b. Defendant failed to adequately design the dance competition so as to minimize the dangers/hazards that caused Plaintiff's incident; and/or
c. Defendant failed to provide Plaintiff with a partner/crewmember who was trained, educated, and/or experienced to perform the "dance maneuvers" in a reasonably safe manner; and/or
d. Defendant failed to supervise the dance competition to ensure that the "dance maneuvers" are performed in a reasonably safe manner; and/or
e. Defendant failed to select crewmembers for dance competition who are adequately trained, educated, and/or experienced in the ability to perform the "dance maneuvers" in a reasonably safe manner; and/or

f. Defendant failed to warn Plaintiff of the dangers and/or hazards present in the dance competition; and/or

g. Defendant failed to give a reasonable description of and/or adequately describe the dance competition so as to allow Plaintiff to become aware of and/or reasonably anticipate the dangers or hazards present in the dance competition; and/or

h. Defendant failed to warn the Plaintiff that crewmembers selected to participate in the dance competition are not trained, experienced, and/or educated to perform the dance maneuvers in a reasonably safe manner; and/or

i. Defendant failed to adequately communicate with the Plaintiff while dancing so as to coordinate movement with the Plaintiff and/or to allow the Plaintiff to appropriately secure her footing; and/or

j. Defendant continued to hold Plaintiff's arm while Plaintiff was spinning and falling – thereby twisting the Plaintiff's arm in such a manner as to cause her severe personal injury; and/or

k. Defendant failed to instruct its crewmembers to not intentionally and/or purposefully lead passengers into dangerous and/or awkward moves during the dance competition; and/or

l. Defendant failed to appreciate the age and/or dexterity of the Plaintiff while leading her in a dancing competition and failed to accommodate Plaintiff's advanced age and/or lack of dexterity; and/or

m. Defendant failed to prohibit the crewmembers in the dance competition from causing the dance maneuvers the crewmembers led passengers to do in a reckless manner; and/or

n. Defendant intentionally and/or purposefully and/or recklessly lead Plaintiff into a dance maneuver that Defendant's crewmember should have known could be dangerous for the Plaintiff; and/or

o. Defendant intentionally and/or purposefully and/or recklessly lead Plaintiff into a dance maneuver that Defendant's crewmember should have known could be dangerous for the Plaintiff, without adequately warning her; and/or

p. Defendant intentionally and/or purposefully and/or recklessly lead Plaintiff into a dance maneuver that Defendant's crewmember should have known could be dangerous for the Plaintiff, without adequately communicating with her; and/or

q. Defendant failed to ascertain the cause of prior similar incidents\accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's incident\accident; and/or

r. Prior to Plaintiff's accident Defendant failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate those hazards, minimize those hazard or warn Plaintiff of the danger those hazard posed to the Plaintiff; and/or

s. Defendant failed to promulgate and/or enforce adequate procedures to ensure that Plaintiff would be warned of possible and/or reasonably anticipated risks of participating in the dance competition.

14. Defendant Celebrity knew of the foregoing conditions causing Plaintiff's incident\accident or the conditions existed for a sufficient length of time so that Defendant Celebrity in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

15. As a result of the negligence of Celebrity, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental and emotional anguish, loss of

enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, feelings of economic insecurity, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of her injuries including life care, incurred special transportation costs after being discharged from the vessel, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity have been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. Further, Plaintiff lost the value of her vacation cruise for which she incurred expenses, including, but not limited to the cost of the cruise ticket for herself and others as well as transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: *_/s/ Jason R. Margulies_*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com